UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

UNITED STATES OF AMERICA,

                              Plaintiff,                    DECISION AND ORDER

              -vs-                                          20-CR-6046-EAW-MJP

JOHN RIVERA-BANCHS,

                              Defendant.

─────────────────────────────────

**Pedersen, M.J.** Presently before the Court is the motion of Defendant's

wife, Evelyn Banchs ("Banchs"), for Return of Property seized on February 19,

2020, during the execution of search warrants, pursuant to Rule 41(g) of the

Federal Rules of Criminal Procedure. (ECF No. 7.) For the reasons discussed

below, the Court denies the application.

### FACTUAL BACKGROUND

The factual allegations as contained in the Complaint with regard to

Defendant are numerous. As such, only the relevant facts are contained herein.

The government filed a Criminal Complaint against defendant, John Rivera-

Banchs ("Defendant"), on February 20, 2020, charging him with possession with

intent to distribute and distribution of five kilograms or more of cocaine and

conspiracy to do same, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.

(ECF No. 1.) On February 19, 2020, the undersigned issued search and seizure

warrants for several residences and a storage unit. (Gov't Resp. at 2, dated

April 24, 2020, ECF No. 13.) During the execution of the warrants on February 20,

2020, the Drug Enforcement Administration ("DEA") seized three vehicles, all registered in Banchs's name, as evidence of Defendant's drug trafficking operations, unexplained wealth and as proceeds of drug trafficking activities. (*Id.*) The three vehicles seized are:

1. A black 1980 Chevrolet Corvette bearing VIN# 1Z878AS427623;

2. A silver 2006 Bentley bearing VIN# SCBBR53W46C038675; and

3. A black 2012 Honda Ridgeline, VIN# 5FPYK1F54CB458191.

(hereinafter collectively "the Vehicles") (Banchs's Aff. at 2–3, March 9, 2020, ECF No. 7; Gov't Resp., ECF No. 13, at 1–2.)

Defendant was arrested on February 20, 2020, and arraigned on February 21, 2020. (ECF Nos. 3 & 6.) On March 19, 2020, the federal grand jury for the Western District of New York indicted Defendant and a co-defendant on one count of Narcotics Conspiracy. (ECF No. 11.)

On April 8, 2020, the DEA notified Banchs that it is seeking forfeiture of the Vehicles by mailing three separate Notices of Seizure of Property and Initiation of Administrative Forfeiture Proceedings ("Notices") to her home address. (Gov't Resp. Ex. 1, Apr. 24, 2020, ECF No. 13-1.)[1] The Notices indicate that Banchs could contest the forfeiture of the property by filing a petition with the agency that seized

---

[1] The government attached four Notices, dated April 8, 2020, to its opposition papers, three of which are for the Vehicles. (ECF No. 13-1, at 2–9.) The fourth Notice relates to $2,100.00 U.S. Currency that was also seized. However, Banchs is not seeking return of the currency.

the property at issue, or by filing a claim with the DEA to contest the forfeiture of the property in United States District Court. (Gov't's Resp. at 4.)

## ANALYSIS

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in relevant part,

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized . . . .

A Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction. *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006). Although a Rule 41(g) motion is not technically rendered moot by a later filed indictment, so long as there is an adequate alternative remedy available, such as a criminal proceeding, a court should ordinarily decline equitable jurisdiction and dismiss a pre-existing Rule 41(g) motion. *Chaim v. United States*, 692 F. Supp. 2d 461, 473 (D.N.J. 2010).

Moreover, "[c]ommencement of a civil or administrative forfeiture proceeding ordinarily deprives the district court of subject matter jurisdiction to review the merits of the forfeiture on a Rule 41(g) motion." *Diaz v. United States*, 517 F.3d 608, 610–11 (2d Cir. 2008) (citing *De Almeida v. United States,* 459 F.3d 377, 382 (2d Cir.2006); *United States v. One 1987 Jeep Wrangler Auto. VIN # 2BCCL8132HBS12835,* 972 F.2d 472, 479 (2d Cir. 1992) ("once the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate

the matter in a peripheral setting such as a Rule 41(e)[2] motion.") (citations omitted); *In re Seizure of Containers of Aluminum Pallets Detained at Long Beach Port*, No. 16-2640 DMG (SPx), 2017 WL 10581077, *1 (C.D. Cal., April 21, 2017) (noting that dismissal of a 41(g) motion is warranted if administrative forfeiture proceedings have been commenced.) Further, "'a Rule 41(g) motion cannot be used to collaterally attack an administrative forfeiture proceeding in which the aggrieved party has been given notice and the opportunity to assert a claim." *United States v. Palmer*, No. 11-CR-202S, 2016 WL 1364437, at *1 (W.D.N.Y. Apr. 6, 2016) (quoting *Contreras v. United States*, No. 4:12-MC-09017-BCW, 2012 WL 5835682, at *2 (W.D.Mo. Nov. 16, 2012)).

Banchs filed the motion for return of property prior the filing of the indictment of her husband. In the motion, Banchs asserts that the Vehicles should be returned to her because they were unlawfully seized by federal law enforcement in violation of her constitutional rights and that law enforcement lacked probable cause to search and seize the Vehicles. (Banchs's Aff. at 4–5, 8, Mar. 11, 2020, ECF No. 7.) She contends that the Vehicles are all titled in her name, and has submitted the Certificates of Title for each vehicle in question. (*Id.* at 7.) Banchs further argues that the search warrant affidavit

---

[2] Rule 41 was reorganized in 2002. Previously, the subsection addressing motions to return property was Rule 41(e). In 2002, this subsection was redesignated Rule 41(g) without substantive change. Accordingly, courts have applied the case law concerning former Rule 41(e) to the current Rule 41(g). *De Almeida*, 459 F.3d at 379 n.2 (2d Cir. 2006).

completed by law enforcement[3] only referenced one vehicle—a 2003 Chevrolet S-10, bearing Registration Number HJA-4438. (*Id.* at 6.) Finally, Banchs contends that the search warrant affidavit does not implicate her or the Vehicles in crimes (*Id.* at 6–7.)

The government counters that because the DEA has commenced administrative forfeiture proceedings with respect to the Vehicles, this Court lacks subject matter jurisdiction to review the merits of the forfeiture by a motion made pursuant to Fed. R. Crim. P. 41(g). (Gov't's Resp., ECF No. 13, at 3.)[4] The government further contends that a motion made pursuant to 41(g) cannot be used to collaterally attack an administrative forfeiture proceeding where proper notice has been provided to the person seeking the return of seized property regarding the forfeiture proceeding. (*Id.* at 3–4.) The government asserts that Banchs has the opportunity to challenge the seizures in the administrative forfeiture proceedings. (*Id.*, at 4.)

Here, it appears that the government mailed notice of the proceedings to Banchs and Banchs has not provided any evidence to the contrary. Based upon the well-settled law, the Court finds that once the administrative forfeiture proceedings were commenced, Banchs was provided with an

---

[3] The Court notes that Banchs is referring to the Affidavit in Support of Criminal Complaint and Search and Seizure Warrants, sworn to by Sabatino Smith, Special Agent with the DEA, on February 19, 2020. (ECF No. 1.)

[4] The government cites to the following statutes and regulations as authority for the administrative forfeiture: 19 U.S.C. §§ 1602–1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. (ECF No. 13-1, at 2, 4, 6, & 8.)

adequate remedy at law to challenge the forfeiture of the Vehicles. Consequently, this Court no longer has subject matter jurisdiction to consider the merits of Banchs's 41(g) motion.

However, Banchs is not left bereft of the ability to challenge the seizure of the Vehicles, as the language of the Notices makes clear. Specifically, the Notices indicate that Banchs could either petition the administrative agency for return of the property (remission or mitigation), or she could file a claim under 18 U.S.C. § 983(a) to contest the seizure and forfeiture of the property in United States District Court. (ECF No. 13-1, at 2–9.)[5] Nevertheless, this Court is without authority to take any further action on her motion.

## CONCLUSION

For the reasons discussed above, Banchs's motion for return of property is denied.

**IT IS SO ORDERED.**

Dated:   May 6, 2020
            Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge

---

[5] The two options for pursuing relief set forth in the Notices—filing a petition or filing a claim—are different in important respects: a petition for remission or mitigation "asks the agency for discretionary return of the property," while a claim "initiates the judicial process to decide whether the property should be forfeited." *United States v. Paulino*, No. 15-CR-318 (NRB), 2018 WL 5291907, *2 (S.D.N.Y. 2018) (citing *Malladi Drugs & Pharm., Ltd. v. Tandy*, 552 F.3d 885, 889 (D.C. Cir. 2009)). The notices make clear that Banchs must file a claim *with the agency* to contest the forfeiture, and that a time limit applies. (Ex. 1 at 3.)