UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.

JOHN RIVERA-BANCHS,

        Defendant.

**DECISION AND ORDER**

1:20-CR-06046 EAW

_____

Pending before the Court are objections filed by *pro se* defendant John Rivera-Banchs ("Defendant") (Dkt. 43) to a Report and Recommendation filed on July 31, 2020 (Dkt. 42), by United States Magistrate Judge Mark W. Pedersen recommending that the undersigned deny two applications filed by Defendant seeking dismissal of the indictment (Dkt. 27; Dkt. 31).

A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to dismiss, under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

The undersigned has carefully reviewed Judge Pedersen's thorough Report and Recommendation (Dkt. 42), Defendant's objections to the same (Dkt. 43), the

government's response (Dkt. 50), Defendant's reply to the government's response (Dkt. 57),[1] as well as the underlying motion papers submitted to Judge Pedersen (Dkt. 27; Dkt. 31; Dkt. 36; Dkt. 41).  Based upon the Court's *de novo* review, it is apparent that Judge Pedersen correctly and appropriately recommended denial of Defendant's pending applications, and accordingly, the Report and Recommendation is adopted in its entirety and Defendant's motions to dismiss the indictment (Dkt. 27; Dkt. 31) are denied.  The Court notes that to the extent Defendant is arguing that he is innocent of the charge in the indictment and that the government cannot prove his guilt, Defendant is presumed innocent and the government will bear the burden to prove each element of the offense charged beyond a reasonable doubt at trial.  Whether the government will be able to meet that burden is an issue for another day—and for the jury—but it would be error to dismiss the indictment as a matter of law.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 21, 2020
       Rochester, New York

---

[1] In his reply, Defendant objects to the government's filing, which was one day late. (Dkt. 57 at 1).  However, the Court granted the government a one-day extension of time for its filing *nunc pro tunc*.  (Dkt. 52).  Thus, to the extent Defendant objects to the late filing, the objection is rejected.  Moreover, and in any event, even if the Court were not to consider the government's filing, it is apparent that Defendant is not entitled to the relief he seeks and therefore the Report and Recommendation would be adopted in its entirety.