UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      -vs-                                  REPORT & RECOMMENDATION

JOHN RIVERA-BANCHS,                20-CR-6046-EAW-MJP-1

                                  Defendant.

APPEARANCES

For the United States:                Everardo Rodriguez, A.U.S.A.
                                            United States Attorney's Office
                                            100 State Street, Fifth Floor
                                            Rochester, NY 14614
                                            (585) 263-6760, ext. 2250

For the Defendant:                    John Rivera-Banchs *pro se*
                                            No. 327904
                                            Monroe County Jail
                                            130 South Plymouth Avenue
                                            Rochester, NY 14614

INTRODUCTION

**Pedersen, M.J.** This case is before the Court on the omnibus motion filed by John Rivera-Banchs in his *pro se* capacity (hereinafter "Defendant"). (Notice of Omnibus Mot. & Aff., Jul 20, 2020, ECF No. 37; *see also* Mot. for Miscellaneous Relief, Oct. 1, 2020, ECF No. 61[1].) The undersigned has decided

---

[1] Although docketed as a motion, ECF No. 61 is in fact an affidavit from Defendant to establish standing to challenge a search of his home at 61 Teralta Street, his ownership of J & L TransRealty, Inc., and his expectation of privacy in his wife's car, a Chevy S-10, to which he alleges the government attached a GPS tracking device.

several of the issues raised in his motion. (*see* Order, DATE, ECF NO.) The Report and Recommendation addresses Defendant's challenge to the search warrants and his application to suppress tangible evidence.

## PROCEDURAL BACKGROUND

This case began with a criminal complaint filed on February 20, 2020, ECF No. 1, alleging Defendant violated 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, between about 2016 and 2020, by possessing, with the intent to distribute, and distributing, five kilograms or more of cocaine, a Schedule II controlled substance, and conspiring with others to do the same. On March 19, 2020, the Grand Jury indicted Defendant on one count of narcotics conspiracy, finding that from in or about January 2019, the exact date being unknown to the Grand Jury, through and including on or about February 20, 2020, in the Western District of New York, and elsewhere, the defendants, JOHN RIVERA-BANCHS and XXXX,[2] did knowingly, willfully, and unlawfully combine, conspire, and agree together and with others, known and unknown, to commit the following offenses, that is, to possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). All in

---

[2] The indictment has not been unsealed in relation to Defendant's co-conspirator(s).

violation of Title 21, United States Code, Section 846. (Sealed Indictment, Mar. 19, 2020, ECF No. 9; Redacted Indictment, Mar. 26, 2020, ECF No. 11.)

Following an exhaustive inquiry on July 1, 2020, the undersigned granted Defendant's request to relieve his appointed counsel and permit him to proceed *pro se*, but appointed experienced standby counsel. (Decision and Order to Appoint Standby Counsel, Jul. 10, 2020, ECF No. 28.) Defendant promptly filed papers challenging the Court's jurisdiction. (Letter Mot. to Challenge Jurisdiction, Jul. 7, 2020, ECF No. 27; Mot. to Challenge Jurisdiction, Jul. 13, 2020, ECF No. 31.) The undersigned addressed both applications in a July 31, 2020, Report and Recommendation (ECF No. 42). The District Court adopted the Report and Recommendation in a Decision and Order docketed on September 21, 2020 (ECF No. 59).

## ANALYSIS

The Honorable Elizabeth A. Wolford of this Court referred this case to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (b)(1)(B). Subdivision (b)(1)(A) authorizes the undersigned to hear and determine any pretrial matter except a motion "to dismiss or quash an indictment or information made by the defendant...." Subdivision (b)(1)(B) authorizes the undersigned to conduct a hearing on any motion excepted under subdivision (b)(1)(A) and submit a report and recommendation to the district judge. Accordingly, the undersigned submits this Report and Recommendation to Judge Wolford.

*Defendant's Application for an Order Suppressing and Vacating Any Admissions, Confessions, Conversations, Statements or Waivers Alleged to have been made by Defendant.*

In response to Defendant's motion to suppress post-arrest statements (Omnibus Mot. ¶ 5), the government stated it did not intend to introduce any in evidence at Defendant's trial, and that it would provide copies of his post-arrest jail telephone calls. Included in Defendant's description of what he wants suppressed are the wiretap conversations, which the undersigned will address separately, below, in the discussion of the sufficiency of the search warrants.

*Defendant's Application to Suppress Any Seized Property Taken from the Person of Defendant or any Co-Defendant in Connection with His Arrest.*

Defendant seeks suppression of evidence described in the subheading above. (Omnibus Mot. ¶ 6.) In his affidavit, Defendant contends that he did not consent to any searches, and that no contraband was in plain view on his person or property, or in his vehicle. (Rivera-Banchs Aff. ¶ 52, ECF No. 37.) The government responded that property seized pursuant to search warrants issued by the Court are not subject to suppression, and that any property taken from his person was pursuant to a legal search incident to his arrest. Further, the government argues that Defendant has not established standing with respect to any property seized from a codefendant.

Regarding any search of Defendant's person incident to his arrest, the Supreme Court held in *Chimel v. California*, 395 U.S. 752, 762–63 (1969) that it was reasonable for an officer making an arrest to "search the person arrested

in order to remove any weapons" and to "search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction," limiting the search to the area within the arrestee's immediate control. Defendant has provided no facts to allege that any search of his person exceeded the scope of a search incident to arrest permitted in *Chimel*.

Further, although Defendant has filed an affidavit showing his standing to challenge a search of his person (ECF No. 61), he has not alleged that property was taken from a codefendant, nor has he alleged any standing to challenge the search of a codefendant. Accordingly, the undersigned recommends that the District Court deny this aspect of Defendant's omnibus motion.

## *Defendant's Application Challenging Any Search Warrants Issued Against Defendant.*

Defendant seeks an "Order ... controverting [sic] any search warrants issued or directed against the person or property of this Defendant...." (Omnibus Mot. ¶ 7.) He also seeks "an order to determine if there was probable cause to arrest [sic] and search Defendant's property." (Omnibus Mot. ¶ 16.) Defendant has not pointed to any defects in the search or wiretap[3] warrants that he contends warrant suppression of evidence. The undersigned approved of search warrants executed in this case and at the time determined that the

---

[3] The undersigned is broadly construing Defendant's omnibus motion to include any wiretap warrants, although he makes no direct mention of wiretap warrants in his motion papers.

accompanying affidavits provided probable cause to believe a crime had been committed and evidence of that crime would be found in the places to be searched. The affidavit supporting the complaint and search warrants for several properties, including 61 Teralta Street and the Chevy S-10, consisted of 37 pages of detailed allegations supporting the searches of those two properties, and many others. (Smith Aff., Feb. 20, 2020, ECF No. 1 in 20-MJ-543-MJP.) Nothing in Defendant's motion papers points out any deficiency in that application, or the wiretap applications. Consequently, the undersigned recommends that the District Court deny Defendant's application to suppress evidence seized pursuant to the search and wiretap warrants.

## CONCLUSION

For the foregoing reasons, the undersigned recommends to the District Judge that she deny Defendant's application to suppress statements and tangible property as requested in his omnibus motion (ECF No. 37) and his standing affidavit (ECF No. 61). Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS**[4] to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of

---

[4] **NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**: The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three

this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[5]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>**. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten

---

additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Wolford.

[5]Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).

objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **<u>Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.</u>**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorney for the government and to Defendant pro se.

**IT IS SO ORDERED.**

DATED:   October 8, 2020
         Rochester, New York

*[signature]*
MARK W. PEDERSEN
United States Magistrate Judge