UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.

JOHN RIVERA-BANCHS,

        Defendant.

_____

**DECISION AND ORDER**

6:20-CR-06046 EAW

## <u>BACKGROUND</u>

Defendant John Rivera-Banchs ("Defendant"), proceeding *pro se*,[1] stands accused by way of an indictment returned on March 19, 2020, with engaging in a narcotics conspiracy involving five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. (Dkt. 8).  Defendant was originally charged by criminal complaint, and at an initial appearance before United States Magistrate Judge Mark W. Pedersen on February 21, 2020, the government moved for detention and a detention hearing was scheduled for February 25, 2020.  (Dkt. 3).  However, on February 25, 2020, Defendant withdrew his request for a hearing while reserving his rights.  (Dkt. 5).  After the return of the indictment, Defendant renewed his request for a detention hearing (Dkt. 17), and the hearing was held before Magistrate Judge Pedersen on May 1, 2020 (Dkt. 20), at which time he reserved decision.

---

[1]    Although initially represented by this District's Federal Public Defender's office, Defendant has been proceeding *pro se* since July 1, 2020.  (Dkt. 24).

Magistrate Judge Pedersen issued an Order on May 4, 2020, detaining Defendant pending trial based on his conclusion "that no condition or combination of conditions can reasonably assure the appearance of Defendant or the safety of the community." (Dkt. 19 at 2). In support of his conclusion, Magistrate Judge Pedersen made findings of fact that included 45 paragraphs related to the alleged criminal conduct. (*Id*. at 2-14). Among other findings, Magistrate Judge Pedersen concluded: (1) there were multiple controlled purchases of cocaine from Defendant made by a confidential source between July 2019 and February 2020, at various properties owned by Defendant in the Rochester area (*id*. at ¶¶ 4, 6, 10, 14, 18, 19); (2) Defendant owns at least nine properties in the Rochester area either in his mother's name or in the name of J&L Transrealty, Inc., that he utilized for drug sales and possibly money laundering activities (*id*. at ¶¶ 9, 10, 13, 15, 19, 28, 29); (3) wiretap evidence of Defendant's telephone calls and text messages supported his involvement in drug trafficking activities (*id*. at ¶¶ 21-42); (4) on the day of Defendant's arrest, law enforcement monitored a sale by Defendant of 1.062 kilograms of cocaine to an unnamed woman with whom Defendant discussed inflicting bodily harm on an alleged "snitch" (*id*. at ¶¶ 43, 45); and (5) during execution of a search warrant at Defendant's residence, law enforcement found documentation indicating that Defendant was distributing two to three kilograms of cocaine at a time, and from January to February 2019, he was keeping track of the amount paid and owed for six kilograms of cocaine (*id*. at ¶ 44). Magistrate Judge Pedersen also discussed Defendant's background, including his lengthy residence in Rochester and close ties to his family, including his wife and two children, along with his criminal history which includes multiple prior felony convictions

and a violation of probation for his last conviction, causing him to be reincarcerated.  (*Id.* at 14-16, 19).  Based on his consideration of all the factors set forth at 18 U.S.C. § 3142(g), including the rebuttal presumption under 18 U.S.C. § 3142(e)(3)(A), Magistrate Judge Pedersen concluded that the government established by a preponderance of the evidence that Defendant was a flight risk and no condition or combination of conditions would reasonably assure Defendant's presence, and "by clear and convincing evidence that no condition or combination of conditions could reasonably assure that Defendant, if released on these charges, would not resume his activities related to possessing and distributing controlled substances, or pose a danger to the confidential informant in this case."  (*Id.* at 17-21).

Since the issuance of Magistrate Judge Pedersen's Order, Defendant has filed several documents in an effort to contest his pretrial detention.  On July 22, 2020, Defendant filed a "Writ of Habeas Corpus and Habeas Corpus Petition" (Dkt. 39), which the Court construed as a motion to revoke Magistrate Judge Pedersen's detention Order pursuant to 18 U.S.C. § 3145, and set a deadline for the government to file a response and Defendant to file a reply (Dkt. 40).  Then, on August 12, 2020, Defendant filed a "Motion to Revoke Detention Order (18 U.S.C. § 3145) and Set Bond/Bail Release" wherein he made various arguments in support of his contention that he should be released from custody, including: (1) his detention hearing before Magistrate Judge Pedersen was untimely; (2) Magistrate Judge Pedersen erred in relying on the indictment to make a finding of probable cause; (3) Magistrate Judge Pedersen erred in relying on the search warrant affidavit; (4) the indictment is defective; (5) Defendant's probation violation in

2015 was not his fault, but rather the fault of a taxi driver who caused Defendant to be three minutes late to a program assigned by Rochester City Court; (6) denying him bail as a *pro se* litigant will violate his due process rights because of the difficulties in litigating from jail, particularly during the COVID-19 pandemic; (7) Defendant never threatened a confidential informant; (8) Defendant has strong community and family ties, as well as employment; and (9) Defendant has never failed to appear for court.  (Dkt. 44).  The Court construed that filing as a supplement to Defendant's previously-filed motion to revoke, and accordingly adjusted the deadlines to file opposition and reply papers.  (Dkt. 46).

On August 17, 2020, Defendant filed an "Amended Motion to Defendant's Motion to Revoke Detention Order of 8/7/20" wherein he alleges that the government has made contradictory arguments concerning his prior threat to harm a confidential informant.  (Dkt. 47).  And then, after the government filed its papers in opposition to Defendant's motion (discussed below), Defendant filed two more documents.  Specifically, on September 10, 2020, Defendant filed a "Reply to Memorandum In Opposition to Defendant's Motion to Revoke Magistrate Judge Mark W. Pedersen Order of Detention" (Dkt. 56), and on October 29, 2020, Defendant filed a "Habeas Corpus Petition" (Dkt. 70).

The only response that the government has submitted to any of these filings is a memorandum on August 27, 2020 (Dkt. 49), submitted in accordance with the Court's Text Order entered August 12, 2020 (Dkt. 46).  In that response, the government contends that the detention of Defendant pending trial is warranted based on both risk of flight and danger.  The government cites to the extensive evidence against Defendant, including six separate controlled purchases of cocaine between July 2019 and February 2020, as

- 4 -

supported by the 38-page affidavit signed by DEA Special Agent Sabatino Smith (Dkt. 49 at 5; *see* Dkt. 1); evidence obtained from the wiretap of Defendant's cell phone and interceptions with his alleged co-conspirator (Dkt. 49 at 5-9); evidence obtained upon execution of a search warrant at Defendant's alleged co-conspirator's residence, including approximately 700 grams of cocaine (*id.* at 9-10); and evidence obtained upon execution of a search warrant at Defendant's residence, including notes indicating sales of large quantities of cocaine by Defendant for significant sums of cash (*id.* at 10-11).  In addition, the government argues that Defendant's history and characteristics support Defendant's detention, including his criminal history and his alleged false statements about his employment and source of income.  (*Id.* at 11-12).  The government cites to Defendant's financial affidavit and alleged inconsistencies between it and his papers appealing the detention Order.  (*Id.* at 12).  In addition, the government cites to a conversation Defendant purportedly had with a drug customer on the date of his arrest, which was covertly listened to by law enforcement, wherein Defendant discusses harming a "snitch."  (*Id.* at 12-13).

In addition to the submissions from the parties, the Court has also received and reviewed the Pretrial Services Report prepared by the United States Probation Office and dated February 24, 2020, recommending against Defendant's release.  Among other things, that report documents certain relevant aspects of Defendant's criminal history as follows:

| | |
|---|---|
| October 22, 1986 | Defendant found guilty after trial of Criminal Possession Weapon 2nd Degree (Felony) and Reckless Endangerment 1st Degree (Felony); Defendant sentenced to 18 months to 54 months incarceration consecutive |
| August 8, 1994 | Defendant found guilty after trial of Criminal Possession Loaded Firearm 3rd Degree (Felony), Criminal Possession Weapon 3rd |

Degree (Felony), Criminal Possession Weapon 3rd Degree: Previous Conviction (Felony), and Criminal Possession Controlled Substance 7th Degree (Misdemeanor); Defendant sentenced to 30 months to 5 years incarceration, 42 months to 7 years incarceration, 30 months to 5 years incarceration, all concurrent

August 8, 1994     Defendant pled guilty to Criminal Sale Controlled Substance 2nd: 1/2 oz. Narcotic Drug (Felony); Defendant sentenced to 6 years to life incarceration concurrent

October 20, 2016   Defendant pled guilty to DWI (Misdemeanor); Defendant sentenced to 3 years probation, 100 hours community service

April 27, 2017     Defendant's probation for DWI conviction revoked and resentenced to 4 months incarceration

Finally, the Court has reviewed the audio transcript of the detention hearing conducted before Magistrate Judge Pedersen on May 1, 2020.

## LEGAL STANDARD

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq.*, authorizes and sets forth the procedures for the release or detention of a person pending trial, sentence, and appeal. The procedures and standards for release or detention of a person such as Defendant pending trial are set forth at 18 U.S.C. § 3142. *See United States v. Vasquez*, 113 F.3d 383, 388 (2d Cir. 1997). A defendant awaiting trial must be released unless the release will present a risk of flight or dangerousness, or both, and no set of conditions can reasonably eliminate those risks. *See* 18 U.S.C. § 3142.

Although there is "only a limited group of offenders who should be denied bail pending trial," *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (citations and quotations omitted), when there is "a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently

- 6 -

compelling that detention is, on balance, appropriate," *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir. 1985) (citation omitted).

Because Defendant has been indicted for crimes in violation of the Controlled Substances Act, 21 U.S.C. 801 *et seq.*, for which the maximum term of imprisonment is ten years or more, there is a rebuttable presumption pursuant to 18 U.S.C. § 3142(e)(3)(A) that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community if Defendant is released.  *See United States v. Contreras*, 776 F.2d 51, 54-55 (2d Cir. 1985) (holding that a grand jury indictment establishes probable cause for purposes of the rebuttable presumption under the Bail Reform Act, and when faced with an indictment, the Court does not need to make an independent finding of probable cause).  The presumption shifts to Defendant "a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). "[A] defendant must introduce some evidence contrary to the presumed fact[s] in order to rebut the presumption." *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991).  If a defendant satisfies this burden of production and rebuts the presumption, it does not disappear; rather, the presumption "remains a factor to be considered among those weighed by the district court." *Mercedes*, 254 F.3d at 436.

Even in a presumption case, at all times the government retains the ultimate burden of persuasion.  *Id*.  The burden of proof with respect to risk of flight is preponderance of the evidence.  *Id*.  On the other hand, the government must demonstrate by clear and

convincing evidence that a defendant should not be released due to his risk of danger.  *Id.*;
*see also Chimurenga*, 760 F.2d at 405.  Clear and convincing evidence "means something
more than 'preponderance of the evidence,' and something less than 'beyond a reasonable
doubt.'"  *Chimurenga*, 760 F.2d at 405 (quoting *Addington v. Texas*, 441 U.S. 418, 431
(1979)).  In other words, the evidence must support a conclusion of danger to the
community "with a high degree of certainty."  *Id.*

The statutory factors that a court must consider in deciding whether a defendant has
rebutted the presumption of flight and danger, and whether there are conditions of release
that will reasonably assure the appearance of the person as required and the safety of any
other person and the community, are as follows:

(1)    the nature and circumstances of the offense charged, including
whether the offense . . . involves . . . a controlled substance;
(2)    the weight of the evidence against the person;
(3)    the history and characteristics of the person, including . . . the person's
character, physical and mental condition, family ties, employment,
financial resources, length of residence in the community, community
ties, past conduct, history relating to drug or alcohol abuse, criminal
history, and record concerning appearance at court proceedings; and
(4)    the nature and seriousness of the danger to any person or the
community that would be posed by the person's release.

18 U.S.C. § 3142(g); *see also Mercedes*, 254 F.3d at 436 ("To determine whether the
presumptions of dangerousness and flight are rebutted, the district court considers . . . [the
factors set forth in] § 3142(g).").

In reviewing a detention order of a magistrate judge, a district judge should not
simply defer to the judgment of the magistrate judge, but rather must reach her own
independent conclusions.  *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). "When

making its *de novo* review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence." *United States v. Marra*, 165 F. Supp. 2d 478, 481 (W.D.N.Y. 2001), *aff'd*, 21 F. App'x 66 (2d Cir. 2001).

## DEFENDANT'S PRETRIAL DETENTION IS NECESSARY TO PROTECT AGAINST THE RISKS OF DANGER AND FLIGHT

Defendant is charged with conspiring to distribute significant amounts of dangerous narcotics—five kilograms or more of cocaine. If convicted as charged, Defendant faces a mandatory minimum incarceration sentence of 10 years and a maximum sentence of life. (Dkt. 49 at 5). The nature and circumstances of the offense charged—dealing kilogram quantities of cocaine—favors Defendant's detention.

With respect to the weight of the evidence, it is important to note that Defendant is presumed innocent, and "it is not the Court's role at this stage of the proceedings to assess [a defendant's] guilt or innocence." *United States v. Enix*, 209 F. Supp. 3d 557, 573 (W.D.N.Y. 2016). This factor "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community," *United States v. Jones*, 566 F. Supp. 2d 288, 292 (S.D.N.Y. 2008) (quoting *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985)), and therefore it is generally considered the least important of the § 3142(g) factors. *See United States v. Boustani*, 356 F. Supp. 3d 246, 253 (E.D.N.Y. 2019) ("Because it is 'contrary to our legal system to impose punishment for a crime that a defendant has not yet been shown to have committed,' courts are cautious in affording undue weight to this factor." (quoting *Motamedi*, 767 F.2d at 1408)). Nonetheless, in considering this factor, the Court notes that based upon the

evidence as summarized in Magistrate Judge Pedersen's Order and the government's opposition papers, the weight of the evidence against Defendant appears very strong. This is important because, among other reasons, Defendant is facing a mandatory minimum prison sentence if convicted of 10 years, and based on an assessment of the government's proffered evidence, Defendant has a strong incentive to flee as opposed to facing a potential conviction at trial. Thus, this factor favors Defendant's pretrial detention.

With respect to Defendant's history and characteristics, although he has strong community and family ties, his criminal history is significant. Defendant has several prior felony convictions—including those involving firearms—and after his most recent conviction in 2016, his probation was revoked and he was sentenced to incarceration. Defendant makes allegations that this probation violation was the fault of a taxi driver who caused him to arrive late for a scheduled program—but the undisputed evidence demonstrates that the court that imposed that probationary sentence ultimately revoked it. Moreover, while the Court acknowledges that Defendant's past felony convictions date back over 25 years or more, his most recent criminal conviction (for misdemeanor DWI) occurred just four years ago and resulted in revocation of Defendant's probation in April 2017. Thus, the Court concludes that consideration of this factor favors Defendant's pretrial detention.

Finally, with respect to the nature and seriousness of the danger to any person or the community that would be posed by the person's release, the alleged statements made by Defendant about inflicting harm on a "snitch" are deeply troubling. As the government notes in its opposition, the current charges relate to an investigation involving a

- 10 -

confidential informant.  Defendant's threats against an individual who cooperated against him in the past, when considered against the background of Defendant's criminal history and the nature of the charged conduct,  leads the Court to conclude that Defendant's release could potentially jeopardize the safety of the confidential informant utilized in this case.

Based on its consideration of all the factors set forth at 18 U.S.C. § 3142(g), the Court concludes that the government has established by clear and convincing evidence that Defendant's release presents a risk of danger and by a preponderance of the evidence a risk of flight, and there are no conditions that could reasonably protect against those risks.

## **DEFENDANT'S FILINGS**

As noted above, Defendant has made numerous filings addressed to his pretrial detention—all of which the Court has reviewed and none of which impact its determination herein, even if not expressly addressed.  To the extent Defendant's contentions warrant further discussion, the Court notes as follows.

First, with respect to Defendant's complaints about the reliance on Agent Smith's affidavit or the quality of proof considered in connection with the determination to detain him, "bail hearings are 'typically informal affairs, not substitutes for trial or even for discovery.  Often the opposing parties simply describe to the judicial officer the nature of their evidence; they do not actually produce it.'"  *United States v. LaFontaine*, 210 F.3d 125, 131 (2d Cir. 2000) (quoting *United States v. Acevedo-Ramos*, 755 F.2d 203, 206 (1st Cir. 1985) (Breyer, J.)).  The Court has reviewed the audio transcript of the hearing conducted before Magistrate Judge Pedersen, as well as the various submissions by the

parties, and concludes that the evidence proffered and relied upon by the government is sufficiently reliable.

Second, with respect to Defendant's complaints about relying upon the indictment to establish probable cause, the case law is well-established that a grand jury indictment establishes probable cause for purposes of the rebuttable presumption under the Bail Reform Act, and when faced with an indictment, a court does not need to make an independent finding of probable cause. *Contreras*, 776 F.2d at 54-55. To the extent that Defendant argues the indictment should be dismissed or that the Court lacks jurisdiction, those arguments have already been rejected. (Dkt. 42; Dkt. 59; Dkt. 81).

Third, with respect to Defendant's arguments that his detention hearing before Magistrate Judge Pedersen was not conducted in a timely manner, the record reflects that Defendant waived the right to a detention hearing initially, and then when he requested one, it was held within a matter of days. (Dkt. 5; Dkt. 17; Dkt. 20); *see United States v. Coonan*, 826 F.2d 1180, 1184 (2d Cir. 1987) (defendant waived right under Bail Reform Act to detention hearing within five days of initial appearance based on representations of counsel). Thus, there is no basis for Defendant's argument that his detention hearing was untimely.

Fourth, with respect to the challenges Defendant claims he will face as a *pro se* litigant who is incarcerated, the Court acknowledges the hurdles that any *pro se* litigant faces under those circumstances, but those considerations do not overcome the risks of flight and danger plainly presented here. Defendant has the constitutional right to represent himself, but his decision to exercise that right cannot justify disregarding the provisions of

- 12 -

the Bail Reform Act. *See United States v. Dettelis*, No. 03-CR-62, 2004 WL 7332667, at *7 (W.D.N.Y. Dec. 2, 2004) (acknowledging that certain conditions "inherent in detention . . . do hinder a defendant's defense of a criminal case (be it through counsel or on one's own)," but finding that such conditions nonetheless do not "require[] a pretrial detainee's release").

Fifth, to the extent that Defendant contends he was somehow deprived of a preliminary hearing, and that this impacts any detention determination, there is no logic to Defendant's argument—but in any event, the record reflects that Defendant reserved his rights with respect to a preliminary hearing when charged by criminal complaint. (Dkt. 3; Dkt. 5); *see* Fed. R. Crim. P. 5.1(a)(1) ("If a defendant is charged with an offense other than a petty offense, a magistrate judge must conduct a preliminary hearing unless . . . the defendant waives the hearing.[.]").  And, of course, once indicted, Defendant was no longer entitled to a preliminary hearing. *See id*. 5.1(a)(2).

Sixth, to the extent Defendant has tried to pursue his requests for release from custody as habeas corpus petitions, "[w]here a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition." *United States v. Shine*, No. 17-CR-0028(FPG)(JJM), 2018 WL 4627137, at *3 (W.D.N.Y. Apr. 9, 2018) (quoting *Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008)), *adopted,* 2018 WL 3737877 (W.D.N.Y. Aug. 7, 2018).  Accordingly, any habeas corpus petition by Defendant would be subject to immediate dismissal. *See, e.g., Ali v. United States*, No. 12-CV-0816A SC, 2012 WL 4103867, at *2 (W.D.N.Y. Sept. 14,

2012) (*sua sponte* dismissing habeas corpus petition brought by criminal defendant awaiting trial because "[a]dequate remedies are available in petitioner's criminal case, and, therefore, petitioner is not entitled to habeas corpus relief" (citation and original alterations omitted)).   Nonetheless, the Court has considered all the arguments made by Defendant in his purported habeas corpus filings, and concludes that none of them justify his pretrial release based on its findings of dangerousness and risk of flight.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to revoke the magistrate judge's detention Order and his other challenges to that Order are denied.  (Dkt. 39; Dkt. 44; Dkt. 47; Dkt. 56; Dkt. 70).  The Court notes that it does not view itself as deprived of jurisdiction to decide this issue with respect to Defendant's detention because his pending appeal (Dkt. 68) is not directly related to that issue.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*." (emphasis added)).  Indeed, Defendant could not have appealed the issue of detention directly to the Court of Appeals—"a magistrate judge's ruling on detention under § 3145 is not 'final' for purposes of appellate review," but must first be reviewed by "the district judge overseeing the case." *United States v. Harrison*, 396 F.3d 1280, 1281 (2d Cir. 2005); *see United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) (procedurally improper notice of appeal does not divest district court of jurisdiction).  Nonetheless, to the extent the Court's perspective

- 14 -

is incorrect, Defendant's requests for relief are denied pursuant to Federal Rule of Criminal

Procedure 37(a).

      SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: December 4, 2020
       Rochester, New York