UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

            v.

JOHN RIVERA-BANCHS,

            Defendant.
_____

**DECISION AND ORDER**

6:20-cr-06046 EAW

## BACKGROUND

Pending before the Court are objections (Dkt. 221) filed by defendant John Rivera-Banchs ("Defendant")[1] to a Report and Recommendation and Decision and Order entered by United States Magistrate Judge Mark W. Pedersen[2] (Dkt. 218). For the reasons set forth below, the objections are overruled.

The Report and Recommendation and Decision and Order addresses a supplemental omnibus motion filed by Defendant on August 30, 2021. (Dkt. 171)[3]. The government

---

[1] At the time Defendant filed his objections, he was proceeding *pro se*. At Defendant's request, counsel was appointed on February 11, 2022. (Dkt. 248). The Court provided counsel with the opportunity to review the pending objections and file supplemental papers. (*Id*.). On February 25, 2022, counsel advised the Court he believed Defendant's "previously filed papers more than adequately set forth his arguments, positions, and objections" and requested "that the Court consider these objections fully submitted." (Dkt. 252).

[2] This Court referred all pretrial matters in the case to Magistrate Judge Pedersen pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). (Dkt. 190).

[3] Defendant previously filed an omnibus motion on July 20, 2020. (Dkt. 37). On October 8, 2020, Magistrate Judge Pedersen filed a Report and Recommendation (Dkt. 65) (the "October 2020 R&R") in which he recommended that Defendant's omnibus motion be denied in its entirety. Over Defendant's objection (Dkt. 66), the Court adopted the

opposed this motion on October 1, 2021 (Dkt. 178), and Defendant filed a reply on October 12, 2021 (Dkt. 181).

Magistrate Judge Pedersen entered the Report and Recommendation and Decision and Order on December 22, 2021. (Dkt. 218). In the Report and Recommendation and Decision and Order, Magistrate Judge Pedersen recommends that the Court deny Defendant's motions to suppress evidence seized pursuant to search warrants, to suppress confidential source ("CS") testimony based on an alleged violation of 18 U.S.C. § 201(c)(2), to suppress evidence based on the reliability of the CS, to suppress wiretaps, and to suppress evidence from the warrantless search of a particular cell phone known as "Target Telephone 1." (*Id*. at 1-2). Judge Pedersen also denied Defendant's request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and Defendant's request for severance. (Dkt. 218 at 1-2).

Defendant filed his objections to the Report and Recommendation and Decision and Order on January 3, 2022. (Dkt. 221). Defendant largely fails to identify any particular alleged errors in the Report and Recommendation and Decision and Order, instead repeatedly indicating that he "has argued . . . in detail[] in his original motion" and that there is "no need to repeat [the] same argument." (Dkt. 221 at 2; *see also id*. at 1 ("Defendant has pinpointed in detail[] the false information contained in both search warrant & wiretap affidavits and there is no need to repeat the same argument in this

---

October 2020 R&R in its entirety on February 2, 2021. (Dkt. 96). Familiarity with the October 2020 R&R and the Court's Decision and Order adopting the same are assumed for purposes of the instant Decision and Order.

objection motion."), 3 ("Defendant pinpointed all the deficiency in his motion . . . no need to repeat same argument. . . . Defendant does not need to reargue these grounds that were brought up in his original motion."), 4 ("Defendant . . . will keep this objection motion to its limits.  What he has addressed in his original motion is what he wants the Court to read. . . .  What [Defendant] wants this Court to do is concentrate on his original motion . . . when rendering its decision.")).

However, Defendant does make the following specific arguments: (1) Magistrate Judge Pedersen committed legal error in interpreting the scope of 18 U.S.C. § 201(c)(2); (2) Magistrate Judge Pedersen failed to properly consider the lack of pole camera surveillance videos and intercepted mail in connection with Defendant's challenge to the wiretaps; and (3) Judge Pedersen committed legal error in concluding that Defendant lacks standing to challenge the search of Target Telephone 1.  (*Id*. at 2-3).

The government filed its response to Defendant's objections on January 17, 2022. (Dkt. 234).

## ANALYSIS

### I. Standard of Review

A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to suppress, under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular

findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009); *see also Medina v. United States*, No. 13 CR. 272 (PGG), 2020 WL 6140540, at *4 (S.D.N.Y. Oct. 18, 2020) ("Although the objections of parties appearing *pro se* are generally accorded leniency and should be construed to raise the strongest arguments that they suggest, even a *pro se* party's objections to [a report and recommendation] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." (citation and original alterations omitted)). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. Similarly, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." *United States v. Peldomo*, No. 10-CR-0069 RRM ALC, 2010 WL 5071489, at *1 (E.D.N.Y. Dec. 7, 2010) (citations, quotation, and alteration omitted);

Any appeal from a non-dispositive decision by a magistrate judge is reviewed under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Feneziani*, No. 05-CR-290E, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion." *Centro*

*De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (quotations omitted); *see also S.E.C. v. Verdirarno*, 890 F. Supp. 2d 257, 266 (S.D.N.Y. 2011) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes. . . ." (quotation omitted)).

## II.  Challenge to Search Warrants

As Magistrate Judge Pedersen explained in the Report and Recommendation and Decision and Order, Defendant raised several grounds in support of his challenge to the search warrants, "including that DEA Special Agent Sabatino Smith's ["Agent Smith"] affidavit in support of the application for the search warrants contained false and/or incorrect information." (Dkt. 218 at 4). Magistrate Judge Pedersen rejected these arguments, explaining that this Court had previously concluded that "Agent Smith's affidavit 'was detailed and more than adequately established probable cause to believe that Defendant was involved in drug trafficking of cocaine, and that evidence of those crimes would be located at Premises 1-6 and Vehicle 1.'" (*Id*. at 6 (quoting Dkt. 96 at 8)). Magistrate Judge Pedersen further concluded that Defendant had not demonstrated that any errors in Agent Smith's affidavit were material to the probable cause determination, nor that they were the result of anything more than mere negligence or innocent mistake. (*Id*. at 6-7).

Defendant has raised no specific objections to Magistrate Judge Pedersen's findings in this regard, but instead states only that he "has pinpointed in detail[] the false information contained" in the affidavit supporting the search warrants and will not "repeat the same

argument in this objection motion." (Dkt. 221 at 1). This conclusory challenge by Defendant is insufficient to require *de novo* review. Accordingly, the Court has reviewed Magistrate Judge Pedersen's recommendation for clear error and has found none.

"[P]robable cause to search a place exists if the issuing judge finds a 'fair probability that contraband or evidence of a crime will be found in a particular place' and a federal court must apply a 'totality-of-the-circumstances analysis' in pursuing this inquiry." *United States v. Ponce*, 947 F.2d 646, 650 (2d Cir. 1991) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). When reviewing the validity of a search warrant:

> the duty of [the] court . . . is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. A search warrant issued by a neutral and detached magistrate is entitled to substantial deference, and doubts should be resolved in favor of upholding the warrant.

*United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993) (quotations, citations, and original alterations omitted); *see also Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007) ("[A] reviewing court must accord considerable deference to the probable cause determination of the issuing magistrate. . . .").

"A defendant is permitted to challenge the veracity of a search warrant in limited circumstances." *United States v. Canfield*, 212 F.3d 713, 717 (2d Cir. 2000). In particular, a defendant can "suppress evidence obtained pursuant to an affidavit containing erroneous information" only if he shows that "(1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the issuing judge's probable cause finding." *Id*. (citation and alteration omitted). Here, Magistrate Judge Pedersen correctly found that

Defendant had satisfied neither of these elements. (*See* Dkt. 218 at 7-8). Defendant has not shown that the errors he has identified are anything more than innocent mistakes, nor would the omission of the allegedly erroneous information affect the probable cause calculus. *See Canfield*, 212 F.3d at 718 ("The ultimate inquiry is whether, after putting aside erroneous information and material omissions, there remains a residue of independent and lawful information sufficient to support probable cause." (quotation omitted)). Accordingly, the Court adopts Magistrate Judge Pedersen's recommendation in its entirety as to Defendant's challenge to the search warrants.

### III. Motion to Suppress Confidential Source Testimony Based on a Violation of 18 U.S.C. § 201(c)(2)

The Court turns next to Defendant's request that the Court "suppress any testimony given by the [CS] at a Grand Jury hearing and in any Federal District Court in violation of 18 U.S.C. § 201[.]" (Dkt. 171 at 39). Because Defendant has raised a specific objection to Judge Pedersen's resolution of this aspect of his motion, the Court considers the matter *de novo*.

The gravamen of Defendant's argument is that Assistant United States Attorney Everardo Rodriguez ("AUSA Rodriguez") and Agent Smith violated 18 U.S.C. § 201(c)(2) in their dealings with the CS. That statute makes it a crime to "directly or indirectly, give[], offer[], or promise[] anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court, any committee of either House or both Houses of Congress, or any agency, commission, or officer authorized by the laws of the United States

to hear evidence or take testimony, or for or because of such person's absence therefrom[.]" 18 U.S.C. § 201(c)(2). According to Defendant, AUSA Rodriguez and Agent Smith violated § 201(c)(2) by "enter[ing] an 'agreement' by 'offering' and 'promising' a reduction of sentence" to the CS. (Dkt. 171 at 36).

However, as Magistrate Judge Pedersen correctly held, there is a fatal flaw in Defendant's argument—namely, that the Second Circuit determined more than 20 years ago "that 18 U.S.C. § 201(c)(2) does not apply to the United States or to any Assistant United States Attorney acting within his or her official capacity." *United States v. Stephenson*, 183 F.3d 110, 118 (2d Cir. 1999); *see also United States v. McFadden*, 689 F. App'x 76, 80 (2d Cir. 2017) ("We have held that the government's use of cooperating witnesses does not violate the anti-gratuity statute. There is no basis to revisit that holding." (citation omitted)); *United States v. Porter*, 205 F.3d 1326, 2000 WL 241343, at *3 (2d Cir. 2000) (unpublished table opinion) ("We have unambiguously held that 18 U.S.C. § 201(c)(2), the anti-gratuity statute, 'does not apply to the United States or to any Assistant United States Attorney acting within his or her official capacity.' Accordingly, the government does not violate the statute when, through its agents, it enters into an agreement that envisions an individual's cooperation in a criminal investigation or prosecution in return for leniency or promises of intervention on that individual's behalf." (citation omitted)).

Defendant argues vigorously that this interpretation of § 201(c)(2) is erroneous and that the statute "is clear as written" that it "applies to prosecutors and criminal defendants alike[.]" (Dkt. 221 at 2). However, this Court is bound by Second Circuit precedent and

lacks authority to disregard the Second Circuit's well-established interpretation of § 201(c)(2). *See In re Generali COVID-19 Travel Ins. Litig.*, No. 20-MD-2968 (JGK), 2021 WL 6052127, at *8 (S.D.N.Y. Dec. 21, 2021) ("[A] district court remains bound by circuit precedent until the Supreme Court or the court of appeals changes that precedent."). Thus, even if the Court agreed with Defendant's interpretation of the anti-gratuity statute—which it does not—it would be bound by the Second Circuit's unambiguous rulings on this point. The Court accordingly, having reviewed the matter *de novo*, adopts Magistrate Judge Pedersen's recommendation on this issue in its entirety.

### IV.     Challenge to the Confidential Source's Reliability

The Court turns next to Defendant's challenge to the CS's reliability. Defendant raises no specific objection to Magistrate Judge Pedersen's conclusions on this issue, instead stating only that "Defendant has argued this in detail[] in his original motion (Dkt 171) no need to repeat same argument." (Dkt. 221 at 2). This is insufficient to trigger the *de novo* review standard. The Court further finds no clear error in Magistrate Judge Pedersen's assessment of this issue.

As Judge Pedersen correctly noted in the Report and Recommendation and Decision and Order, this Court has already considered and rejected Defendant's contention that the CS was not reliable. (*See* Dkt. 218 at 11-12). In particular, in its Decision and Order entered on February 2, 2021, the Court found that Defendant's challenges to the CS's reliability failed because Agent Smith's affidavit "sets forth background information of the CS, law enforcement's work with the CS, corroboration of the CS's information, and the evidence from the controlled buys." (Dkt. 96 at 9). Defendant has failed to come forward

with any new information that would warrant the Court revisiting its prior conclusion in this regard. The Court accordingly adopts Magistrate Judge Pedersen's recommendation as to this issue in its entirety.

**V.     Suppression of Wiretaps**

Defendant states that he is "challeng[ing] several erroneous and false information/statements" contained in Agent Smith's affidavit in support of the wiretap warrants. (Dkt. 171 at 4). Magistrate Judge Pedersen recommends that the Court deny Defendant's motion to suppress the wiretaps, noting that the Court has considered a challenge by Defendant to Agent Smith's affidavit (Dkt. 218 at 13 (citing Dkt. 96 at 11-14)) and that Defendant "has put forth nothing but speculation and conclusory statements in support of his requested relief" (*id*. at 16).

In his objections, Defendant states with respect to this issue that he "pinpointed all the deficiency in his motion" and has "no need to repeat same argument." (Dkt. 221 at 3). However, he does make the specific argument that "the wiretap affidavit . . . contained information of pole cameras being installed and individuals going back and forth from Defendant's private residence wearing hoodies and the mail cover letter" but that "[t]he government has no evidence of video recordings of the pole cameras" and "no copies of letters or postage sent to defendant[']s address of any alleged drug dealers." (*Id*. at 2). The Court accordingly reviews this aspect of Defendant's motion *de novo*.

As an initial matter, the argument that Defendant appears to be making in his objections is not the same argument he made in his initial motion papers. In his motion papers, Defendant stated that "[t]here were 'pole cameras' installed outside of" the

properties at issue and that "Agent Smith has failed produce video footages of drug supplier(s), member(s) of a drug organization, drug dealer(s) drug addict(s) or drug buyers coming and going from Defendant's private residence. . . ." (Dkt. 171 at 7; *see id*. at 9 ("The facts are that the 'pole cameras' didn't capture anyone because no one was visiting the house.")). In other words, while Defendant now appears to contend that Agent Smith made misleading statements about the pole cameras and the mail cover in his affidavit, his original argument appears to have been that the lack of any corroborating evidence obtained from the pole cameras resulted in a lack of probable cause.

A simple review of Agent Smith's affidavit disposes of the argument Defendant raises in his objections. Nowhere in his affidavit does Agent Smith suggest that the pole cameras recorded any particular evidence of criminality. To the contrary, Agent Smith stated that while pole cameras were used, there had been "limited results" from this investigative technique. (Dkt. 73-3 at 65, 71). Agent Smith further stated that the pole cameras were unable to record all relevant activities at the properties where they had been installed. (*Id*. at 71-72). In other words, Agent Smith was candid with the Court that video captured by the pole cameras had not produced the evidence law enforcement was seeking. Agent Smith further explained that the use of a mail cover would likely result in "only a limited amount of, if any, evidence[.]" (*Id*. at 80). There is simply no support in the record for the contention that Agent Smith somehow misled the Court with respect to evidence obtained from pole cameras or a mail cover.

As to the argument Defendant raised in his original papers, "it is well settled that the standard for assessing probable cause for an eavesdropping warrant is no different from

that required for a search warrant. In determining whether probable cause for an eavesdropping warrant exists, the issuing officer need only make a practical, common sense decision whether, given the 'totality of the circumstances' set forth in the affidavit requesting such warrant, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that evidence of a crime will be obtained through the use of electronic surveillance." *United States v. Funderburk*, 492 F. Supp. 2d 223, 236-37 (W.D.N.Y. 2007) (citing *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) and *United States v. Fury*, 554 F.2d 522, 530 (2d. Cir. 1977)). Here, the fact that the pole cameras did not capture evidence of criminality—a fact that Agent Smith made no attempt to hide from the Court—does not change the Court's prior conclusion that "it is beyond reasonable dispute that [Agent Smith's] affidavit amply supported a finding of probable cause." (Dkt. 96 at 14). Defendant's argument to the contrary lacks merit. *See generally United States v. Concepcion*, 579 F.3d 214, 218 (2d Cir. 2009) ("[T]he Government is not required to exhaust all conceivable investigative techniques before resorting to electronic surveillance.").

Defendant has raised no specific objection to any other aspect of Magistrate Judge Pedersen's consideration of his challenge to the wiretap warrants, and the Court has found no clear error in its review thereof. Accordingly, the Court adopts Magistrate Judge Pedersen's recommendation as to this issue in its entirety.

VI.   **Challenge to Warrantless Search of Target Telephone 1**

Defendant argued before Magistrate Judge Pedersen that law enforcement violated the Fourth Amendment when they "failed to seek and obtain a search warrant to extract

text messages, pictures, videos, [and] media" from Target Telephone 1. (Dkt. 171 at 39). Defendant acknowledged that Target Telephone 1 was "owned and subscribed to [by] Hector Cruz." (*Id*.). Magistrate Judge Pedersen accordingly concluded that Defendant lacks standing to challenge any search of Target Telephone 1 and, based on that conclusion, recommended that the Court deny this aspect of Defendant's supplemental omnibus motion. (Dkt. 218 at 16-17).

In his objections, Defendant argues that he has standing to challenge a search of Target Telephone 1 because it was found in the apartment of an individual named Justiniano Brito and Mr. Brito had given Defendant "authorization to enter the apartment and fix it up while he remained in the hospital awaiting surgery." (Dkt. 221 at 3). Because Defendant has raised a specific objection to Magistrate Judge Pedersen's finding regarding standing, the Court reviews the matter *de novo*.

"A defendant bears the burden of proving that he has a legitimate expectation of privacy in an object such that he can claim the protection of the Fourth Amendment in challenging the government's search of that object." *United States v. Dore*, 586 F. App'x 42, 46 (2d Cir. 2014) (finding defendant lacked standing to challenge search of cell phones where he "did not submit an affidavit establishing that the cell phones in question belonged to him or that he had a subjective expectation of privacy in them"). Having a legitimate expectation of privacy in a particular location does not mean that an individual has a legitimate expectation of privacy in every item within that location. *See United States v. Conley*, 342 F. Supp. 3d 247, 268 (D. Conn. 2018) ("While [the defendant's] expectation of privacy in a legitimately borrowed vehicle is sufficient to challenge the search of the

vehicle, it is not, without more, adequate for him to challenge the separate search warrants for the cell phones seized from that vehicle[.]"); *see also United States v. Lauria*, No. 19-CR-449-01 (NSR), 2020 WL 5743523, at *5 (S.D.N.Y. Sept. 25, 2020) ("This standing requirement applies as well to searches of cell site data—where the defendant must establish ownership or another possessory interest in the phone at the time for which the data is searched—as it does to searches of physical spaces.").

Here, even accepting as true Defendant's assertion that he had borrowed Mr. Brito's apartment and thus had a legitimate expectation of privacy therein, he has set forth no facts that would support the conclusion that he had a legitimate expectation of privacy in Mr. Cruz's cell phone. Accordingly, having considered Defendant's arguments *de novo*, the Court adopts Magistrate Judge Pedersen's recommendation as to this issue in its entirety.

## VII. Request for a *Franks* Hearing

Defendant also sought a *Franks* hearing in his supplemental omnibus motion. (*See* Dkt. 171 at 27-28). Magistrate Judge Pedersen denied this request, finding that Defendant had "not provided evidence, beyond his own speculation, that Agent Smith deliberately or with reckless disregard included any false or misleading information in his affidavit supporting the wiretap warrant application." (Dkt. 218 at 19).

Defendant has not raised any specific objection to Magistrate Judge Pedersen's resolution of his request for a *Franks* hearing. Instead, he states that his motion papers "detailed all false information contained in the search warrant . . . and wiretap affidavit" and asks the Court to "[p]lease read the original motion." (Dkt. 221 at 3). Accordingly,

even assuming that the issue is dispositive, the *de novo* review standard has not been triggered.

In any event, the Court agrees with Magistrate Judge Pedersen that no *Franks* hearing is warranted. "[T]he Fourth Amendment entitles a defendant to a hearing if he or she makes a 'substantial preliminary showing' that a deliberate falsehood or statement made with reckless disregard for the truth was included in the warrant affidavit and the statement was necessary to the judge's finding of probable cause." *United States v. Falso*, 544 F.3d 110, 125 (2d Cir. 2008) (quoting *Franks*, 438 U.S. at 171). This Court previously found that Defendant had "wholly failed to meet his burden for such a hearing." (Dkt. 96 at 9). Nothing set forth in Defendant's supplemental omnibus motion changes that conclusion—as Magistrate Judge Pedersen correctly concluded, Defendant has failed to come forward with any proof to substantiate his claims regarding Agent Smith. Defendant is not entitled to a *Franks* hearing.

## VIII. Request for Severance

Finally, the Court considers Defendant's request for severance. This request is non-dispositive and the Court reviews Magistrate Judge Pedersen's resolution thereof for clear error. Further, Defendant has not raised any specific objection to Magistrate Judge Pedersen's denial of his request for severance, but has stated only that he "does not need to reargue these grounds that were brought up in his original motion." (Dkt. 221 at 3).

The Court finds no clear error in Magistrate Judge Pedersen's denial of Defendant's request for severance. Defendant's argument that he will be prejudiced by delay resulting from the resolution of his codefendants' pretrial proceedings lacks any merit. A trial has

been scheduled in this matter to commence on July 11, 2022. (*See* Dkt. 235). This trial date was not set to accommodate pretrial filings by any codefendant, but to allow for resolution of Defendant's many voluminous pretrial motions and for Defendant to have adequate time to prepare for trial.

Further, Defendant's argument that he will suffer spillover prejudice if he is not severed from codefendant Richard Carrion is equally unavailing. Mr. Carrion has already pleaded guilty and is awaiting sentencing. (*See* Dkt. 169; Dkt. 217). Accordingly, Defendant will not be tried with Mr. Carrion because Mr. Carrion will not be going to trial and there is nothing for the Court to sever in this regard.[4]

## **CONCLUSION**

For the foregoing reasons, the Court overrules Defendant's objections (Dkt. 221) to the Report and Recommendation and Decision and Order (Dkt. 218) and adopts Magistrate Judge Pedersen's recommendations in their entirety. Defendant's supplemental omnibus motion (Dkt. 171) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: March 10, 2022
       Rochester, New York

---

[4] Additionally, as Magistrate Judge Pedersen correctly held, Defendant and Mr. Carrion "have been charged with narcotics conspiracy," the proof of which will necessarily implicate Mr. Carrion's conduct regardless of whether Mr. Carrion is a codefendant at trial. (Dkt. 218 at 25-26). Thus, it would not be a basis for severance even if Mr. Carrion had not pleaded guilty.